JOE ROOT, *Appellee*, v. THE CUDAHY PACKING COMPANY, *Appellant*.

No. 17,796.

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

1. PRACTICE—*Demurrer Erroneously Overruled—Judgment Reversed.* When a judgment is reversed because a demurrer to the plaintiff's evidence has been erroneously overruled, judgment for the defendant will be ordered if the plaintiff's evidence affirmatively establishes some fact or state of facts which precludes recovery. Otherwise the cause will be remanded for a new trial.

2. NEGLIGENCE — *Packing Company Elevators—Best Evidence.* The rule stated in the second paragraph of the syllabus of the original opinion adhered to.

Appeal from Wyandotte court of common pleas. Opinion denying a rehearing filed March 8, 1912. Motion to modify judgment of reversal overruled. (For original opinion, see 88 Kan. 413, 129 Pac. 147.)

*J. E. McFadden,* of Kansas City, and *O. C. Mossman,* of Kansas City, Mo., for the appellant.

*James F. Getty,* of Kansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The defendant has filed a motion asking for a modification of the judgment of this court remanding the case for a new trial. The evidence in the

case was considered and it was held that the plaintiff had failed to sustain the allegations of his petition and that the defendant's demurrer to the evidence should have been sustained.  The motion is for a direction to the trial court to enter judgment for the defendant.

In many instances in which demurrers to evidence have been improperly overruled the court has, upon reversal, directed judgment to be entered.  In all such cases the plaintiff, by admission, proof or otherwise, affirmatively established some fact or state of facts which precluded him from recovery and a basis existed for a final judgment putting an end to the controversy. Where, however, the plaintiff merely fails to extend the proof sufficiently it is impossible to say that no cause of action exists and there is no ground for entering a final judgment against him.  It is conceivable that it might clearly appear in some case that the necessary proof could not be produced.  In that event judgment might be ordered, but such a case would really belong to the class in which the plaintiff shows himself to be without cause of action.  The court is not prepared to say that it is impossible for the plaintiff in this action to produce sufficient proof to go to the jury.

The plaintiff has filed a petition for a rehearing on the ground that the rule stated in the second paragraph of the syllabus of the original opinion ought not to apply universally, particularly where complicated machinery is involved, because it would overwhelm the court with collateral issues.  The syllabus begins with the words, "In this case."  The rule applies whenever a subject has fairly passed beyond the domain of theory and into the domain of verification.  The trial court can tell in any given instance whether or not it will necessarily be embarrassed by collateral issues and can require proof accordingly.  A simple case illustrates the difference between theory and fact which the rule emphasizes.  A man has his watch cleaned and repaired.  Some days later he desires to know whether or

not it is keeping time. He does not take the watch-maker's expert opinion upon the subject, considering the make of the watch, the adjustment of its parts, etc., etc. He looks at the regulator and at his watch and sees as a matter of fact whether the watch has gained or lost time. Another simple case illustrates the application of the rule: Several self-binders have been sold by a dealer to farmers in his vicinity, which have been set up by the manufacturer's or seller's expert. The mechanism is quite complicated. Litigation arises in which it becomes important to know whether or not the principle upon which these binders are constructed results in too many missed bundles of grain. The theory of mechanical experts upon the subject is not the best evidence. Proof of the manner in which binders of that particular type actually worked will show the facts, and with the facts before it the jury can say whether or not the mechanism is reasonably adapted to accomplish the results for which it was designed. In this case the plaintiff's own experts had the necessary experience and knowledge to enable them to tell how friction-hoist elevators had demonstrated the principle of their construction. In the presence of demonstration, speculative opinion is very cheap.

The motion to modify the judgment is overruled and the petition for a rehearing is denied.